## BEFORE THE UNITED STATES
## JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

---

**IN RE: SKYWEST INC., FLIGHT
ATTENDANT LITIGATION**

**MDL Docket No. 2916**

---

### PLAINTIFF TREMAINE WILSON'S OPPOSITION TO SKYWEST AIRLINES, INC.'S MOTION FOR COORDINATED OR CONSOLIDATED PRE-TRIAL PROCEEDINGS PURSUANT TO 28 U.S.C. § 1407

## I.      INTRODUCTION

Under 28 U.S.C. § 1407, transfer is appropriate when it will serve "the convenience of parties and witnesses" and "promote the just and efficient conduct of such actions." Centralization here satisfies neither requirement. Though the three actions have factual elements in common, centralization, under the circumstances of this case, will not achieve either of the objectives of Section 1407 – to promote the convenience of the parties and witnesses and to further the just and efficient conduct of the actions.

The Panel has often recognized that centralization is a solution of last resort, to be avoided if other means of achieving the convenience and efficiency goals of

Section 1407 are available.  The Panel has also emphasized that a movant seeking centralization bears a particularly heavy burden to show the need for centralization where, as here, the responding parties oppose centralization, other means of coordination are possible, and the number of actions involved is small.  Each of these factors weighs heavily against consolidation.

## II.   PROCEDURAL HISTORY

Defendant SkyWest Airlines, Inc's ("SkyWest" and/or "Defendant") Motion to Transfer the Action ("Motion") seeks an order transferring the California class action of *Wilson v. SkyWest Airlines, Inc*., Northern District of California Case No. 3:19-cv-1491-VC ("*Wilson*") to the Northern District of Illinois. The Motion is based on Defendants' claim that two similar matters pending against it in the Northern District of Illinois, *Hirst v. SkyWest Airlines, Inc.*, Case No. 1:15-cv-02036 ("*Hirst*"), and *Tapp v. SkyWest Airlines, Inc.*, Case No. 1:15-cv-11117 ("*Tapp*") are "based on the same legal theories and supported by the same or substantially similar evidence."[1] They are not.

Plaintiffs Tremaine Wilson and Lauren Becker filed the *Wilson* in San Francisco County Superior Court on February 13, 2019. Following Defendant's removal of this action, the parties stipulated to, and the Court issued an order

---

[1] Memorandum in Support of SkyWest Airlines Motion to Transfer ("Motion"), p.1

permitting, the filing of the currently-operative First Amended Complaint. Plaintiffs bring the *Wilson* action as a putative class action on behalf of the following proposed class:

> "All California residents who worked for Defendants as Flight Attendants, or individuals holding similar job positions, who performed work for Defendants on any flight routes which originated and concluded in California in the same calendar day…"

*Wilson* seeks recovery exclusively under California state claims alleging 1) violation of California Labor Code §§ 510 and 1198 (unpaid overtime), 2) violation of California Labor Code §§ 226.7 and 512(a) (unpaid meal period premiums) and 3) violation of California Labor Code § 226.7 (unpaid rest period premiums). *Wilson* additionally plead derivative causes of action for penalties and restitution under California Labor Code §§ 201 and 202 (wages not timely paid upon termination), California Labor Code § 226(a) (non-compliant wage statements), California Labor Code §§ 2698, et seq. ("PAGA") and California Business & Professions Code §§ 17200, et seq. All of *Wilson's* claims seek remedies under California state-law, for California residents, performing work in the State of California.

The *Hirst* action was filed on March 6, 2015 and, originally, alleged overtime violations under the FLSA, on behalf of a proposed nationwide class of Flight Attendants, and one cause of action Illinois state-law for unpaid overtime on behalf of a proposed class of Illinois Flight Attendants. *Hirst* does not contain a single

cause of action brought under California state-law. The *Tapp* action was filed on November 9, 2015 and also originally alleged overtime violations under the FLSA on behalf of a nationwide class, along with a single minimum wage claims for a proposed California class of Flight Attendants. *Tapp* also brings three derivative California causes of action, wholly dependent on their allegations of unpaid minimum wage, for failure to pay wages due at termination, failure to provide accurate wage statements and unlawful business practices and separate claims for proposed sub-classes of Arizona and Washington workers for state law minimum wage violations in those jurisdictions.

On November 30, 2017, the Northern District of Illinois Court dismissed all FLSA claims in both *Hirst* and *Tapp*. The  Seventh Circuit Court of Appeals affirmed the dismissal of the FLSA claims following appeal by the *Hirst* and *Tapp* Plaintiffs. Accordingly, only the state-law based claims remain in either of the two actions pending in the Northern District of Illinois.

## III.    STANDARD OF REVIEW

Section 1407 permits transfer and consolidation for pretrial proceedings of civil actions involving common questions of fact that are pending in different districts if the transfer and consolidation "will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions." 28 U.S.C. § 1407.  However, "'centralization under Section 1407 should be the last solution

after considered review of all other options.'" *In re Six Flags Fair and Accurate Credit Transactions Act (FACTA) Litig.*, 2018 WL 671913, at *1 (J.P.M.L. Feb. 1, 2018) (citation omitted).

For the reasons explained below, transfer and consolidation of these three pending district court actions will neither serve the convenience of the parties, nor further the just and efficient conduct of the actions. To the contrary, because of the difference in substantive statutory causes of action being pursued in each suit, there are virtually no common complex questions of fact overlapping between the actions. Thus, consolidation is unlikely to provide any benefits that could not otherwise be achieved by informal coordination and cooperation among the parties.

## IV.   ARGUMENT

### A.   No Common Complex Questions of Fact Exist in the Actions.

Transfer is "inappropriate where Movant fails to demonstrate that the common questions of fact are sufficiently complex, or that the accompanying discovery will be so time consuming as to justify" transfer. *In re The Boeing Company Employment Practices Litigation (No. II)*, 293 F. Supp. 2d 1382, 1383 (J.P.M.L. 2003) (*citing In re Scotch Whiskey Antitrust Litigation*, 299 F.Supp. 543, 544 (J.P.M.L. 1969)).

*Wilson* does not present the same claims, or even the same legal issues, as those being litigated in *Hirst* or *Tapp*. *Wilson* brings substantive causes of action for

violation of California Labor Code §§ 510 and 1198 (unpaid overtime), violation of California Labor Code §§ 226.7 and 512(a) (unpaid meal period premiums), and violation of California Labor Code § 226.7 (unpaid rest period premiums) and derivative causes of action for penalties and restitution under California Labor Code §§ 201 and 202 (wages not timely paid upon termination), California Labor Code § 226(a) (non-compliant wage statements), California Labor Code §§ 2698, et seq. ("PAGA"), and California Business & Professions Code §§ 17200, et seq..

Conversely, *Hirst* brings <u>no</u> claims under California state-law. *Tapp*'s primary claim under California law is for unpaid minimum wage under, a claim that is <u>not plead</u> and will <u>not be resolved</u> in this action. The only two overlapping causes of action plead are *Wilson* and *Tapp's* allegations for violation of California Labor Code §§ 201 and 202 (wages not timely paid upon termination) and California Labor Code § 226(a) (non-compliant wage statements). However, both *Tapp* and *Wilson* bring these two causes of action as derivative claims, meaning Defendant's liability therefor is dependent on each action proving the merit of their corresponding substantive causes of action. Thus, practically speaking, a finding that SkyWest has no liability for inaccurate wage statements, because they did not fail to pay required minimum wage (the issue pending in *Tapp*), would <u>not</u> resolve the issue of whether SkyWest is liable for inaccurate wage statements for failing to include information on owed meal period premiums (one of the issues brought in *Wilson*). For this

reason, there is functionally no overlap in the substantive claims brought in this action and either *Hirst* or *Tapp*.

The Motion's primary argument in favor of consolidation, that it will assert the same core defenses in each action, is unpersuasive. The Motion relies heavily on the following assertion:

> "SkyWest's defenses in all three actions are based on the same legal theories, including: (1) preemption of state-law claims by the Railway Labor Act (45 U.S.C. § 151, et seq.); (2) preemption of state-law claims by the Airline Deregulation Act ("ADA") (49 U.S.C. § 41713(b)(1)); (3) field preemption under the Supremacy Clause of the U.S. Constitution, due to the airline industry's extensive regulation under the Federal Aviation Administration's Federal Air Regulations (49 U.S.C. §§ 44701 et seq.; 14 C.F.R. § 1 et seq.); (4) the lack of extraterritorial application of any one particular state's wage and hour laws to work performed outside of that state; and (5) exemption from overtime in California under the Railway Labor Act (8 C.C.R. § 11090(1)(E))"[2]

This argument is a red herring. SkyWest neglects to highlight that these defenses are uniformly gate-way preemption arguments going to Plaintiffs' standing to bring their claims at all. They are not substantive defenses that will be asserted as to whether Defendant's policies violated California statutory meal break laws (alleged in *Wilson*) or if SkyWest pay structure violates Arizona's minimum wage laws (alleged

---

[2] Motion, p. 5.

in *Tapp*) or any of the other dozen of disparate state law causes of action plead in these matters.

Moreover, SkyWest also fails to note that these purported defenses have largely been ruled on, and rejected, by precedential appellate authority. SkyWest's own alleged preemption arguments were rejected by the Seventh Circuit in *Hirst v. SkyWest, Inc.* 910 F.3d 961 (2018) and, notably, review of the decision was denied by the United States Supreme Court. The Ninth Circuit has also recently rejected the preemption of state law labor claims as they relate to Flight Attendants. *See, Alaska Airlines, Inc. v. Schurke*, 898 F.3d 904 (2018). Accordingly, even if Defendant does intend to relitigate its preemption arguments, those issues would not present novel or difficult issues to the respective Judges currently overseeing these litigations given the uniform holdings of the controlling case law.

Conversely, transfer of *Wilson* to Illinois would require Plaintiffs to educate an Illinois Judge, who is presumably completely unfamiliar with California state law, on the intricacies of California's wage & hour laws, including: what constitutes an on-duty meal period under California law; why an on-call rest period is unlawful under California law; how employees' rights to overtime differ from Federal (or Illinois State) standards; the ways in which California's Private Attorney General Act statute authorizes private enforcement on behalf of the State; the penalties

available under the Private Attorney General Act; and a myriad of other elements of California's wage & hour rule and regulations.

When unique questions of fact predominate over common questions of fact, centralization under § 1407 is not warranted. *In re Pharmacy Benefit Plan Administrators Pricing Litigation*, 206 F.Supp.2d 1362, 1363 (J.P.M.L. 2002). This is true even if actions share common legal questions and some factual questions. *Id.* Where any efficiencies that might result from transfer are "outweighed by the need for separate treatment of the major portion" of cases, transfer is not justified. *In re Penn Cent. Sec. Litigation*, 325 F. Supp. 309, 311 (J.P.M.L. 1971) ("[F]ull development of these cases may require investigation of factual areas covered in [the others]. Whatever efficiencies might result in ... limited areas from transfer, however, would be outweighed by the need for separate treatment of the major portions of these cases."). *See,* also*, In re Diamond Mortgage Corporation, et al., Securities Litigation*, 1989 U.S. Dist. LEXIS 13672 (J.P.M.L. 1989) (denying motion to transfer five actions as transfer would not serve the goal of efficiency "given the difference in type of plaintiff in each district, the difference in scope in each district, and the difference in purpose in each district as reflected in the legal theories underlying the actions").

Requiring *Wilson's* unique California claims to be litigated, not only in a different state, but in a different Appellate District, present far too many problems

to be argued outweighed by any perceived efficiency in resolving Defendant's already rejected preemption arguments in a consolidated proceeding.

**B.    Alternatives to Centralization are Feasible and Would Achieve Greater Efficiencies across the Three Cases**

The Panel has emphasized that "'centralization under Section 1407 should be the last solution after considered review of all other options.'" *In re Six Flags*, 2018 WL 671913, at *1 (citation omitted). In the circumstances presented here, informal cooperation among counsel and the parties is a workable alternative that is both practical and likely to promote the convenience of the parties and achieve efficiencies without the need for centralization.

No significant discovery has been conducted in any of the three litigations. Plaintiffs' Counsel in the three cases have already spoke amongst themselves and represented to Defendant their willingness to cooperate in coordinating discovery or the scheduling the depositions of common witnesses. Defendant, in turn, is represented by the same Counsel in all three actions. In circumstances such as these, the Panel has often declined to order centralization, and has recognized informal cooperation as a preferable alternative to centralization. *See, e.g., In re Corvette Zo6*, 2018 WL 671503, at *1 (where the litigation involved only four actions with plaintiffs and defendants were represented by common counsel in all four actions, "[c]ooperation among the few involved courts and these two groups of counsel appears to be a workable alternative to centralization in these circumstances"); *In re*

*Boehringer Ingelheim*, 763 F. Supp. 2d at 1378 (denying centralization of four procedurally dissimilar cases, three of which were brought by plaintiffs with common counsel, and where the defendant had common counsel in all four actions and opposed centralization, concluding that "alternatives to formal centralization, such as voluntary cooperation among the few involved counsel and courts, appear viable"). The Panel should do the same here.

**C.   If The Panel Determines That Consolidation Is Appropriate, the Appropriate Venue is The Northern District of California**

Although an MDL is not necessary for the reasons discussed above, if the Panel finds consolidation is appropriate, the Northern District of California is the venue best suited to oversee the consolidated proceedings. As previously discussed, The *Wilson* case brings claims exclusively under California state labor laws. *Tapp* also brings claims under California statute on behalf of a purported class of California Flight Attendants. The U.S. District Courts of California are more familiar with the intricacies of California's overtime and break laws, as well as the available remedies for violations thereof (such as penalties under the PAGA), than courts from outside the state. See *Van Dusen v. Barrack*, 376 U.S. 612, 645 (1964) ("There is an appropriateness in having the trial of a diversity case in a forum that is at home with the state law that must govern the case, rather than having a court in some other forum untangle problems in conflict of laws, and in law foreign to itself."); *Gill v. Simpson*, No. 1:12-CV-1011 AWI GSA, 2012 WL 4863808, at *4 (E.D. Cal. Oct.

12, 2012) (because Eastern District of California sits in California and regularly applies California state law, it is more familiar with governing California law).

*Tapp* additionally brings claims for violations of Arizona and Washington State law claims. While determination of those claims outside those respective States is not ideal, they should at least, if possible, be assigned to a district that will allow any appeal of those claims to be heard in the Ninth Circuit Court of Appeals. The only argument presented by SkyWest in support of their selection of the Northern District of Illinois for the consolidated venue are that 1) the *Hirst* action currently pleads *a single cause of action* under Illinois state-law and 2) that Judge Thorpe of the Northern District of Illinois is purportedly "highly educated on the flight attendants' CBA and compensation structure (which the Wilson putative class challenges), airline-industry-specific vocabulary and customs, and SkyWest's specific policies and practices."[3] This unsupported assertion is belied by the pleadings in *Hirst* and *Tapp* which, as previously discussed, have gone no further than Defendant's legal preemption attacks on the pleadings, and Defendant's own admission that "[t]he only discovery that has been undertaken [in *Hirst* and *Tapp*] was largely voluntary in support of SkyWest's motions to dismiss."[4] There is no reason to believe Judge Chhabria, currently overseeing *Wilson* in the Northern

---

[3] Motion, p. 10
[4] Id.

District of California, could not be quickly and efficiently brought up to speed on the limited factual disclosures made to date in *Tapp* and *Hirst*. Conversely, briefing Judge Thorpe of the Northern District of Illinois on the intricacies of a dozen different causes of action brought under three separate sets of state law, all located in a separate Appellate Circuit, would cause inefficiencies dwarfing any perceived benefit of having the single remaining Illinois cause of action remain in that District.

## V.    CONCLUSION

Where, as here, a centralized proceeding would not result in increased convenience for the parties or witnesses or "promote the just and efficient conduct of such actions," 28 U.S.C. § 1407, requests for transfer should be denied. If an MDL is created, the Northern District of California is the more appropriate choice for venue than the Northern District of Illinois.

Dated: August 22, 2019                    Respectfully submitted,

                                          The Bainer Law Firm

                                          By: */s/ Matthew R. Bainer*
                                          Matthew R. Bainer, Esq.

                                          Attorneys for Plaintiff Tremaine Wilson